This is a suit brought by a niece of Eugenie Bergdorf, who died in January, 1938, to set aside three gifts, one of $3,000 made on October 18th, 1937, to her daughter, Blanche Bergdorf Brown, and two gifts each of $6,000 made October 25th and 27th, respectively, to her granddaughter, Juliette Sebastiani, the daughter of Blanche Bergdorf Brown by a prior marriage. Complainant is a residuary legatee under the will of decedent, executed in August, 1937, by the terms of which *Page 130 
she and Juliette Sebastiani share equally in the residuary estate. The effect of setting aside the three gifts would be to increase the share of complainant by the amount of one-half of their aggregate. The gifts are sought to be set aside on the ground of undue influence.
At the time the gifts were made, the donor was seventy-seven years old and had been in feeble health for some time, suffering from a cardiac ailment from which she subsequently died. Mrs. Brown had lived with her mother and daughter at the mother's home in Teaneck for several years prior to her second marriage to Everett W. Brown in 1935. Upon her marriage she left her mother's home but not long afterwards she and her husband and daughter went to live with the mother and continued to do so until her death. Mr. Brown meantime had lost his position, and the donor for the last two or three years of her life provided the chief support for her daughter's family. About two years before her death, the donor had given her daughter a substantial sum in cash and about the same time had paid the expenses of the granddaughter for a trip to Italy. The granddaughter, who was about twenty-one, was attending the College of Mount St. Vincent at Riverdale, New York. All her expenses were paid by the grandmother.
The three gifts in question did not by any means strip the donor of all her property. She was in receipt of an income of close to $2,000 a year from a trust estate in which she had a life interest, and even after the gifts were made there remained in her personal estate between $10,000 and $15,000.
In considering the question of undue influence there must be considered the nature of the relationship between the donor and the donees. All the evidence showed that Mrs. Bergdorf had the fullest love and affection for her daughter and granddaughter and they would be the natural recipients of her bounty. As heretofore stated, she had made substantial gifts to each of them previously. As was recently pointed out in Bankers Trust Co. v.Bank of Rockville Center Trust Co., 114 N.J. Eq. 391 (at p.399):
"The relation between parent and child, whether adult or minor, naturally leads to gratuitous conveyances of land and *Page 131 
gifts of parent to the child. Such conveyances require no other consideration than parental affection and duty. Less positive and unequivocal testimony is required to establish the delivery of a deed of gift from a father to his children than between persons who are not related; and in cases where there is no claim of fraud or undue influence very slight evidence will suffice."
In my opinion the evidence falls far short of establishing undue influence. The donor was elderly and was and had been in feeble health for some time prior to the gifts but from the evidence she was in substantially full possession of her mental faculties. Far as from having an enfeebled will power so as to cause her to be unduly influenced, the testimony clearly showed that she was unusually strong willed. This was the testimony of the doctor who attended her constantly for several years prior to her death. He also testified that she had a clear mind at the time of the gifts. About the time of the first gift she had been in a hospital for a week or so because of the fact that she had developed a decubitus ulcer, or bed-sore, which could not be conveniently treated at home. Records of the hospital showed that during this time the doctor has made two or three entries which indicated that she was somewhat confused and nervous and was slightly disoriented. The doctor explained the symptoms as not being serious or as not affecting her will power or mental condition. It was further shown that some months before the gift she had told an official in the bank where she kept her checking account that she intended to make a gift to her daughter and granddaughter.
A decree will be advised dismissing the bill on the ground that complainant has not proven the undue influence alleged. *Page 132